*Choi's Beer Shop, LLC v. PNC Merchant Services Company, L.P.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-one.

PRESENT:   DENNIS JACOBS,
                ROBERT A. KATZMANN,
                WILLIAM J. NARDINI,
                    *Circuit Judges.*

---

CHOI'S BEER SHOP, LLC,

      *Plaintiff-Appellant,*

     v.                                                                      No. 20-3090

PNC MERCHANT SERVICES COMPANY, L.P.,

      *Defendant-Appellee.*

---

For Plaintiff-Appellant:                          E. ADAM WEBB, Webb, Klase & Lemond,
                                                  LLC, Atlanta, GA

For Defendant-Appellee:                    PERRY A. NAPOLITANO (M. Patrick
                                           Yingling and Justin J. Kontul, *on the
                                           brief*), Reed Smith LLP, Pittsburgh, PA,
                                           and Chicago, IL

On appeal from the United States District Court for the Eastern District of New York (Frederic Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED FOR FURTHER PROCEEDINGS**.

Plaintiff-Appellant Choi's Beer Shop, LLC, ("Choi's Beer") appeals from a judgment of the district court, entered September 10, 2020, dismissing its putative class action against Defendant-Appellee PNC Merchant Services Company, L.P., ("PNC") for lack of subject matter jurisdiction. The district court reasoned that Choi's Beer did not satisfy Article III's personal stake requirement because (1) its claim for damages was moot in light of PNC's crediting of Choi's Beer's account for the disputed annual fee imposed in 2019; and (2) its claims for declaratory and injunctive relief based on anticipated future charges were too speculative to confer standing. The question before us is whether Choi's Beer alleges a personal stake in any one of its claims such that the controversy remains live. We assume the reader's familiarity with the record.

I.      **The claims for declaratory and injunctive relief are not speculative.**

We review *de novo* the district court's determination that Choi's Beer lacks

2

standing to pursue its claims for injunctive and declaratory relief, *see Knife Rights, Inc. v. Vance*, 802 F.3d 377, 383 (2d Cir. 2015), and we hold that the district court erred when dismissing Choi's Beer's claims as too speculative to confer standing.

"To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (internal quotation marks and alteration marks omitted). A plaintiff must show more than abstract injury to satisfy the injury prong of the standing inquiry; rather, "[t]he plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (internal quotation marks omitted). The Supreme Court has described "imminent" harm to be one that is "certainly impending" or where there is a "substantial risk" that the harm will occur. *Knife Rights*, 802 F.3d at 383-84. Generally, "[a] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by

3

any continuing, present adverse effects." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) (quoting *Lyons*, 461 U.S. at 102).

Here, Choi's Beer does not merely allege that it has been harmed in the past or speculate that future harm might occur; it alleges quite concretely that "[PNC] has programmed its computer systems to always assess annual fees on less than 30 days' notice." App'x at 5. The fees, it alleges, are "imposed as a planned yearly 'release.'" *Id*. Although the parties' contract describes the annual fee as discretionary, the complaint alleges that the fee is in fact assessed "every year." *Id*. at 4. And the fact that PNC credited the account of Choi's Beer for the disputed 2019 fee does not undermine the claim that Choi's Beer is at "substantial risk" of being charged the "programmed" fee again. Taking these alleged facts as true and drawing all reasonable inferences in favor of Choi's Beer, as we must on a motion to dismiss, *see Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006), we hold that Choi's Beer, as a current PNC customer subject to a programmed fee, does more than simply speculate when it alleges that it is likely (indeed, certain) to be charged the fee again.

## II.     PNC's alternate grounds to support dismissal are unavailing.

We find PNC's two alternate grounds to support dismissal unpersuasive. Both of them relate exclusively to PNC's charge of the fee in 2019, and therefore they would be inadequate to defeat Choi's Beer's claim related to the future imposition of annual fees.

4

But even in relation to the 2019 fee alone, they would fall short.

PNC first argues that Choi's Beer fails to meet the injury prong of the standing inquiry because it did not allow PNC time to investigate and adjust the annual fee under the terms of the parties' contract. However, whether Choi's Beer suffered an injury under the terms of the contract presents a question of contractual standing, not Article III standing. *See SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020) ("Contractual standing is distinct from Article III standing and does not implicate subject-matter jurisdiction. Article III standing speaks to the power of a court to adjudicate a controversy; contractual standing speaks to a party's right to relief for breach of contract."). We will not "essentially collapse the standing inquiry into the merits," *id.* at 212 (quoting *Baur v. Veneman*, 352 F.3d 625, 642 (2d Cir. 2003)), and thus we decline to affirm on this ground.

PNC also argues that Choi's Beer fails to allege an adequate breach-of-contract claim because it "fails to allege any damages," insofar as PNC refunded Choi's Beer the disputed fee. Appellee's Br. at 41. But the complaint did allege damages. PNC's post-complaint actions (here, the refund) are relevant to determining whether Choi's Beer's claims later became moot, but they have no bearing on whether the complaint was adequate to begin with.

\* \* \*

5

For these reasons, we **VACATE** the district court's judgment and **REMAND** for proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court